## ROMERO v DEPARTMENT OF SOCIAL SERVICES

Docket No. 98803. Submitted February 2, 1988, at Lansing. Decided June 20, 1988.

Following a hearing before a referee of the Department of Social Services, the ᴅss was allowed to recoup shelter payments received by Joyce Romero, a recipient of Aid to Families with Dependent Children, and paid to Miguel Seguera, the father of Romero's minor daughter. The referee determined that such payments are not allowed under Item 322 of the DSS Assistance Payments Manual, which prohibits the payment of shelter allowances to "responsible relatives," e.g., the recipient's spouse or a legal parent of an unemancipated minor. On Romero's petition for appeal, the Saginaw Circuit Court, Robert L. Kaczmarek, J., affirmed. Petitioner appealed.

The Court of Appeals *held:*

1. Item 322 does not violate either the Social Security Act, 42 USC 601 *et seq.,* under which the ᴀғᴅᴄ program was established, or federal regulations regarding ᴀғᴅᴄ. Item 322 advances the legitimate purpose of reducing the possibility of fraudulent, collusive or unscrupulous conduct by ᴀғᴅᴄ recipients and responsible relatives, and reflects the state's reasonable determination of how limited public funds will be disbursed.

2. The policy at issue does not interfere with petitioner's right to privacy regarding family matters and relations.

Affirmed.

Pᴀᴜᴘᴇʀs — Aɪᴅ ᴛᴏ Fᴀᴍɪʟɪᴇs ᴡɪᴛʜ Dᴇᴘᴇɴᴅᴇɴᴛ Cʜɪʟᴅʀᴇɴ — Sʜᴇʟᴛᴇʀ
    Aʟʟᴏᴡᴀɴᴄᴇs — Rᴇsᴘᴏɴsɪʙʟᴇ Rᴇʟᴀᴛɪᴠᴇs.

The Department of Social Services policy which prohibits the payment of shelter allowances, under the Aid to Families with Dependent Children program, to "responsible relatives," e.g., the recipient's spouse or a legal parent of an unemancipated minor, advances the legitimate purpose of reducing the possibil-

Rᴇғᴇʀᴇɴᴄᴇs
Am Jur 2d, Welfare Laws §§ 6 *et seq.,* 15.
See the Index to Annotations under Aid to Families with Dependent Children.

ity of fraudulent, collusive or unscrupulous conduct by recipients of such aid, and reflects the state's reasonable determination of how limited public funds will be disbursed; such policy does not violate the Social Security Act or federal regulations regarding Aid to Families with Dependent Children (42 USC 601 *et seq.*; 45 CFR 233.10, 233.110).

*Legal Services of Eastern Michigan* (by *Dolores Hahn*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Fraleigh,* Assistant Attorney General, for respondent.

Before: BEASLEY, P.J., and G. R. McDONALD and J. P. JOURDAN,* JJ.

J. P. JOURDAN, J. Petitioner, the mother of minor children and a recipient of Aid to Families with Dependent Children, appeals from the circuit court's order affirming a hearing referee's decision allowing respondent to recoup shelter payments received by petitioner. Petitioner claims two errors on appeal. First, that respondent's policy of prohibiting shelter payments to responsible relatives violates federal and state law in regard to AFDC payments. Although respondent contends that this issue was not raised below, we note that this issue was properly raised at the administrative hearing. Secondly, petitioner claims that respondent's policy violates petitioner's right to privacy regarding family matters and relationships. We disagree.

Item 322 of the Department of Social Services Assistance Payments Manual prohibits the payment of shelter allowances to "responsible relatives." The manual defines "responsible relative" to include a person's spouse or the legal parent of an unemancipated minor. The shelter allowance

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was eliminated from petitioner's AFDC payment because it was being paid to Miguel Seguera, the father of petitioner's minor daughter.

The AFDC program was established by Title IV of the Social Security Act of 1935, 42 USC 601 *et seq.*, and provides assistance to needy families with dependent children. *Heckler v Turner,* 470 US 184; 105 S Ct 1138; 84 L Ed 2d 138 (1985). The program is funded largely by the federal government on a matching basis and is administered by the states, which are required to submit AFDC plans conforming to the Social Security Act and to the regulations promulgated by the Secretary of Health and Human Services. *Id.,* 470 US 189-190; *McKee v Dep't of Social Services,* 424 Mich 404, 408; 381 NW2d 679 (1985). While states are not free to narrow the federal standards that define the categories of persons eligible for aid, 45 CFR 233.10; *Quern v Mandley,* 436 US 725; 98 S Ct 2068; 56 L Ed 2d 658 (1978), states are given considerable latitude in allocating their scarce AFDC resources. *Pease v Director of the Michigan Dep't of Social Servies,* 105 Mich App 689, 697; 308 NW2d 432 (1981); lv den 412 Mich 940 (1982).

Although Item 322 is not expressly authorized by federal enactment, neither is it prohibited, *Pease, supra,* p 698. Further, federal regulation mandates that states include antifraud provisions in their AFDC plans. 45 CFR 233.110; *Pease, supra.* We are persuaded that Item 322 advances the legitimate purpose of reducing the possibility of fraudulent, collusive or unscrupulous conduct by AFDC recipients and responsible relatives. The policy reflects the state's reasonable determination of how limited public funds will be disbursed. See *Koziarski v Dep't of Social Services,* 86 Mich App 15; 272 NW2d 183 (1978). While there has been no

allegation of fraud on petitioner's part, by prohibiting the payment of shelter allowances to responsible relatives, Item 322 serves to lessen the potential for fraud among AFDC recipients who might enter into lease agreements with their mates.

We do not agree that the prohibition found in Item 322 narrows the categories of persons "eligible for aid" under federal law. The policy merely limits the category of persons who can receive shelter payments in the recipient's behalf. The lone obstacle in petitioner's path which prevented her from collecting shelter benefits was the identity of her landlord, the eventual recipient of the shelter portion of petitioner's AFDC grant. Petitioner herself remained eligible for continued benefits. Had she rented from any other landlord, her shelter allowance would not have been eliminated.

Petitioner waived her second argument, that respondent's policy interferes with her right to privacy regarding family matters and relations, because it was not raised at the administrative level. Nevertheless, the trial court addressed the merits of the claim and we will review it. We find that the trial court correctly ruled that petitioner is not being forced to live in any particular place. *Cornwell v Dep't of Social Services,* 111 Mich App 68, 74; 315 NW2d 150 (1981). Respondent's policy merely makes it more difficult for petitioner to rent from Mr. Seguera; but this is the result of a legitimate purpose.

Affirmed. No costs, a public question being involved.